IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| COMMUNITY ASSOCIATION UNDERWRITERS OF AMERICA, INC., a/s/o HILL CONDOMINIUM,<br><br>Plaintiff,<br><br>vs.<br><br>NORTHWESTERN ENERGY,<br><br>Defendant. | CV-25-45-B-JTJ<br><br>ORDER |

Plaintiff Community Association Underwriters of America, Inc. a/s/a Hill Condominium (CAUA) filed a Complaint against Defendant NorthWestern Energy, (NWE) alleging claims for Count I: Negligence; Count II: Strict Liability; and Count III: Breach of Warranties. (Doc. 1). NWE has filed a Motion for Summary Judgment and briefs in support. (Docs. 48, 49, and 51). CAUA opposes the motion. (Doc. 50).

CAUA's claims are related to an incident that occurred on May 23, 2023, in which property, owned by Hill Condominium (Hill) and insured by CAUA, was damaged due to an electrical related event occurring underground causing a power surge. (Doc. 1, ¶ 9). Hill's property sustained damages in an amount in excess of $1,000,000.00. (Id., ¶ 15). CAUA paid Hill $1,027,904.00 as reimbursement for Hill's property damage. (Doc. 50-1, p. 5). On October 17, 2024, Hill settled its

claims against NWE regarding this incident through a Settlement Agreement. (Doc. 59, ¶10).

CAUA contends that pursuant to the terms and conditions of the insurance policy CAUA provided to Hill, CAUA became subrogated to certain recovery rights and interests of Hill for the monies CAUA paid Hill, including the claims made in this action. (Doc. 1, ¶ 4). NWE contends that because CAUA is suing NWE only as Hill's subrogee, not as a party with independent rights against NWE, CAUA's claims are limited by the made whole doctrine. (Doc. 49, pp. 6-7).

The made whole doctrine provides "that when the insured has sustained a loss in excess of the reimbursement by the insurer, the insured is entitled to be made whole for his entire loss and any costs of recovery, including attorney's fees, before the insurer can assert its right of legal subrogation against the insured or the tortfeasor. (Doc. 49, pp. 6-7, quoting *Skauge v. Mountain States Tel. & Tel. Co.*, 565 P.2d 628, 632 (Mont. 1997). NWE argues that CAUA cannot show that Hill has been fully compensated for its entire loss, attorney fees and costs because NWE did not pay the full amount of damages Hill claimed. (Id., ¶¶ 11 and 16). NWE further contends that because subrogation is derivative, CAUA cannot acquire any rights greater than those Hill retains. (Id., p. 9, citing *Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1117 (9th Cir. 2010). Therefore, because Hill, through the Settlement Agreement with NWE, released and discharged NWE from any and all

damages, claims, causes of action arising from the occurrence, CAUA is barred from bringing identical claims against NWE. (Id., pp. 9-10).

CAUA argues that Montana has not squarely addressed whether a knowing tortfeasor may use the insured's release to defeat subrogation. (Doc. 50-1, p. 11). However, CAUA encourages the Court to adopt the reasoning of other courts within the Ninth Circuit, *Monterey Homes Arizona, Inc. v. Federated Mut. Ins. Co.*, 212 P.3d 43 (Ariz. Ct. App. Div. 1 2009); *Intri-Plex Technologies, Inc., v. Crest Group, Inc., 499 F. 3d 1048* (9th Cir 2007); and *United Pac. Ins. Co. V. Schetky Equipment Co.*, 343 P.2d (Or. 1959), who have applied the rule in Couch on Insurance stating: "an unlimited release by an insured-subrogor does not bar a subrogation action by an insurer-subrogee against a tortfeasor if the tortfeasor or his or her insurer had knowledge of the insurer-subrogee's interest prior to the release," and procuring a release under such circumstances "amounts to fraud on the right of the subrogee-insurer." Couch § 224:132. (Id., pp. 10-11).

CAUA argues that because the question of NWE's knowledge of CAUA's interest prior to Hill's release is a disputed issue of fact, NWE is not entitled to summary judgment. Alternatively, CAUA requests the Court to defer ruling on NWE's summary judgment motion under Fed. R. Civ. P. 56(d) to allow CAUA to conduct discovery, including obtaining NWE's claim file, its pre-settlement

communications with Hill, and the Settlement Agreement itself. (Id., p. 14).

The Court agrees with CAUA. NWE concedes that under Montana law the insurer is required to determine that the insured has been made whole before asserting or collecting subrogation. (Doc. 49, p. 7, citing *Swanson v. Hartford Ins. Co. of Midwest*, 46 P.3d 584, 588 (Mont. 2002)). For CAUA to do so, the Court finds that discovery should procced.

Accordingly, the Court shall defer ruling on NWE's Motion for Summary Judgment under Fed. R. Civ. P 56(d) to permit full and proper discovery.

DATED this 28th day of September 2026.

John Johnston
United States Magistrate Judge